United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

WILFRIDO SANDOVAL DELGADO,

Petitioner,

v.

VERANIA DIAZ MARQUEZ,

Respondent.

Case No. 23-cv-05141-VKD

**PRETRIAL ORDER NO. 1**

The Court held a final pretrial conference on January 24, 2024, and now orders as follows:

**1.   Issues to Be Decided at Trial**

   **a.   Petitioner's Case under Article 3**

Petitioner Wilfrido Sandoval Delgado asserts that JASD was wrongfully removed from his habitual residence in Mexico in breach of petitioner's custody rights at time when petitioner was actually exercising his custody rights, in violation of Article 3 of the Hague Convention.

As discussed at the pretrial conference, the parties agree that Mr. Sandoval has established the elements of his case for return of JASD and that the following facts are not disputed: (1) respondent Verania Diaz Marquez removed JASD from Mexico on April 21, 2022; (2) Mexico was at that time JASD's habitual residence; (3) the removal was in violation of Mr. Sandoval's custody rights under Mexican law; and (4) Mr. Sandoval was actually exercising his custody rights at the time of the removal. *See* Dkt. No. 29 at 3; Dkt. No. 32 *see also* 22 U.S.C. § 9001(e)(1); *Mozes v. Mozes*, 239 F.3d 1067, 1070 (9th Cir. 2001) (discussing elements of a petitioner's case for removal).

The Court will not hear evidence on these matters at trial.

### b.  Respondent's Defenses to Removal

Ms. Diaz asserts two defenses to removal under Articles 12 and 13(b) of the Hague Convention.

#### i.  Article 12

Ms. Diaz asserts that the Court should not order JASD's return to Mexico because Mr. Sandoval delayed in filing his petition and JASD is now settled in the United States, as provided in Article 12 of the Convention. To establish this defense, Ms. Diaz must prove that Mr. Sandoval failed to commence judicial proceedings for JASD's return within one year of his removal, and that JASD is now settled in his new environment. *See* Hague Convention, Art. 12 (second para.). Ms. Diaz must prove this defense by a preponderance of the evidence. 22 U.S.C. § 9003(e)(2)(B).

As discussed at the settlement conference, the Court finds as a matter of law that Mr. Sandoval filed his petition for return on October 6, 2023, and therefore did not commence these proceedings within one year of JASD's removal from Mexico. *See* Dkt. No. 1; 22 U.S.C. § 9003(f)(3); *see also Monzon v. De La Roca*, 910 F.3d 92, 98-99 (3d Cir. 2018). The parties disagree about whether JASD is settled in the United States. The Court will hear evidence on this point at trial..

#### ii.  Article 13(b)

Ms. Diaz also asserts that the Court should not order JASD's return to Mexico because there is a grave risk that return would expose the child physical or psychological harm, pursuant to Article 13(b) of the Convention. *See* Hague Convention, Art. 13(b). Ms. Diaz must prove this defense by clear and convincing evidence. 22 U.S.C. § 9003(e)(2)(A).

At the pretrial conference, the parties acknowledged that where one parent has engaged in acts or threats of violence against the other parent, such violence or threatened violence may establish a grave risk of harm to the child, particularly if the child witnessed the violence or threatened violence. *See Colchester v. Lazaro*, 16 F.4th 712, 717-18 (9th Cir. 2021). In view of this acknowledgement, the parties agree that the Court need not hear expert testimony on regarding the effects of intimate partner abuse or violence on children. However, the parties disagree about whether petitioner engaged in acts or threats of violence against respondent, and

1  other factual matters pertaining to the question of whether there is a grave risk that returning JASD
2  to Mexico would expose him to physical or psychological harm. The Court will hear evidence on
3  these matters at trial.

4  Also at the pretrial conference, Mr. Sandoval indicated that he wished to propose
5  "ameliorative measures" or "undertakings" for the Court's consideration if the Court ultimately
6  concludes that Ms. Diaz has established an Article 13(b) defense. *See Golan v. Saada*, 596 U.S.
7  666, 676-79 (2022) (discussing ameliorative measures and the Court's discretion to consider
8  them). Mr. Sandoval must file a supplemental statement describing his proposals by **January 29,**
9  **2024**.

### 2. Order of Presentation of Evidence

Because Mr. Sandoval has established all of the elements of his Article 3 claim, only Ms. Diaz's defenses remain for trial. For this reason, the Court will hear evidence as follows: (1) Ms. Diaz shall present the affirmative case for her defenses to removal, and (2) Mr. Sandoval shall present his rebuttal case regarding those two defenses.

### 3. Witnesses

The parties agreed that many of the witnesses listed on their respective witness lists do not need to be called to testify, in view of the remaining issues in dispute. The Court resolves the parties' objections and other matters addressed at the pretrial conference as follows:

#### a. Respondent's Witnesses

Ms. Diaz is permitted to call the following witnesses:

1. Verania Diaz Marquez (respondent).
2. Arturo Marquez.

Shannon Seeley, LCSW and Josephine Salgado will not testify at trial.

#### b. Petitioner's Witnesses

Mr. Sandoval is permitted to call the following witnesses:

1. Wilfredo Sandoval Delgado (petitioner).
2. Juana Ibeth Marquez Garcia.
3. Family members (Trinidad Delgado Figueroa, Fidel Sandoval Rodriguez, Mintzi

3

Sandoval Delgado, or Sandra Yazmin Delgado Villasenor) – only as needed to rebut respondent's evidence, and must be limited so as to avoid duplication.

4. Employees (Hugo Soriano Rivero, Raul Chavez Fernández, or Kevin Roy Ortega Root) – only as needed to rebut respondent's evidence, and must be limited so as to avoid duplication.

Gerard Chambers, Psy.D., Ph.D., Gabriela Escobar Ferrer, Edgar Cesar Fortuna Rodriguez, and Carlos Arturo Flores Ibarra will not testify at trial.

**4.      Exhibits**

The parties agreed to confer further and to provide the Court with a stipulated list of exhibits that may be admitted in evidence at the commencement of the trial. They must submit this list no later than **noon on Monday, January 29, 2024**.

The parties are encouraged to streamline their exhibits to focus on the issues to be tried. If the parties remove exhibits from their respective lists (or move exhibits to the joint list of stipulated exhibits), they must not renumber exhibits previously listed and submitted to the Court; each exhibit should retain its current number, even if the parties' lists have gaps.

For translations of documents originally in Spanish, the parties should attempt to stipulate to the accuracy of the translations. If the parties have a specific dispute regarding the accuracy of a translation, they may raise the dispute with the Court.

**5.      Conduct of Trial**

Unless the Court indicates otherwise, the trial will be held in Courtroom 2, 5th floor, 280 South First Street, San Jose, California, from **January 31 – February 2, 2024**. Trial will be conducted from **9:00 a.m. to 2:00 p.m.,** with two fifteen-minute breaks, except on January 31, 2024, when the Court may need to conclude trial at 1:00 p.m. in order to attend to another scheduled proceeding. Counsel may need to arrive earlier or stay later to address issues with the Court.

Each side will have up to **6 hours total** for the presentation of evidence (direct and cross examination), optional opening statements, closing arguments, and evidentiary objections.

**6.     Technology and Equipment**

The parties must coordinate with courtroom deputy Adriana Kratzmann (vkdcrd@cand.uscourts.gov) to ensure that witnesses who will be testifying by videoconference have the technological means to do so.  The Court directs counsel to contact Ms. Kratzmann promptly to arrange for testing of the videoconference system, with such testing to be conducted no later than **January 30, 2024**.

If a party wishes to bring electronic equipment or other large items into the courthouse, the party must file a request and proposed order with the Court by **January 29, 2024**.  Such equipment must be tested in the courtroom prior to trial.

**7.     Exclusion of Witnesses, Recording, and Photographing**

All fact witnesses, other than the parties themselves, are excluded from the courtroom and may not have access to a record or summary of the trial evidence until they have completed their testimony, have been excused by the Court, and are not subject to recall.  Recording and photographing in the courtroom are prohibited.

JASD shall not attend the bench trial.

**8.     Order and Timing of Witnesses/Exhibits**

The parties are expected to provide each other with notice of the order and timing of witnesses to be called at trial, the exhibits to be used with each witness (other than for impeachment), and demonstratives to be used with witnesses, in opening statements and in closing arguments.  The parties must confer in advance of trial regarding the manner and timing of such notices so that objections may be raised with and resolved by the Court without delaying the conduct of the trial.

**9.     Trial Transcripts**

Instructions on how to file a request for a transcript using Form CAND-435 are available at https://cand.uscourts.gov/about/clerks-office/transcripts-court-reporters/.

**10.    Other Matters**

At the pretrial conference, Mr. Sandoval asked the Court to order Ms. Diaz to surrender her and JASD's passports to her counsel during the pendency of the trial.  Mr. Sandoval also

requested an opportunity for supervised visitation with JASD.

The Court denies Mr. Sandoval's request for supervised visitation. The Court is not inclined to order Ms. Diaz to surrender her and JASD's passports; however, if Mr. Sandoval wishes to make a written request for this relief, he may do so no later than **January 26, 2024.** Any such request should describe (1) any orders by U.S. or Mexican courts limiting Ms. Diaz and/or JASD's ability to travel and (2) any requests to U.S. or Mexican immigration authorities Mr. Sandoval has made regarding JASD's ability to travel.

**IT IS SO ORDERED.**

Dated: January 25, 2024

VIRGINIA K. DEMARCHI
United States Magistrate Judge